The Honorable LeRoy Dangeau State Representative 1005 Killough Road North Wynne, AR 72396-2456
Dear Representative Dangeau:
I am writing in response to your request for my opinion on a question you have posed on behalf of the Cross County Appraisal Manager, who reports the following facts:
We have an unusual problem here in the Assessor's Office.
 During research in the year 2000 on some property in the Wittsburgh area, we discovered a problem of double ownership on some of the property.
In 1947 the Original Subd[ivision] of Wittsburgh was formed.
 In 1949 part of this subdivision was platted into Killough Addition and the remaining lots were dropped from the tax books.
 In 1950 eleven of the Original Wittsburgh lots were charged back unto [sic] the tax books. The remaining lots were then sold with larger parcels of land as metes and bounds, no mention of any lots.
 Morris Cox redeemed these lots from the Land Commissioner, Sam Jones in 1967. The taxes had been delinquent for years 1954 and 1962.
 Mr. Cox then sold the lots to Tommy Smith in 1968. Mr. Smith paid taxes on them up until 2000.
 In 2000, we sent a letter to everyone possibly involved with this land (see attached letter). No one has responded to us on this matter.
 The taxes on the lots is [sic] now delinquent again for years 2000 and 2001. We spoke with the Land Commissioner's Office and they told us not to certify them, since they do not exist.
Against this background, the appraisal manager has asked a question I will paraphrase as follows:
 Since records of the Cross County Assessor's office show dual ownership on some parcels of property, should the Assessor continue to carry these parcels on the tax books or drop them?
RESPONSE
Based on your factual recitation, I gather that through a complicated series of land transactions, title to various parcels of land has become clouded and the assessor's records conflict regarding who owns the disputed properties. Given these circumstances, the county attorney would normally investigate and seek declaratory relief regarding title in the circuit court, joining all interested individuals as parties to the suit.
As the above recited procedure suggests, your request is essentially for a judicial determination of ownership. As an executive officer, I am neither authorized nor equipped to conduct a factual inquiry and then to make what amounts to a judicial determination based on those facts. As indicated above, I believe a court is the proper forum to perform this function. Accordingly, I must respectfully decline to render an opinion in this matter.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh